IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| J&L PRO PAINT, INC.,<br><br>    Plaintiff,<br><br> v.<br><br>LONE ROVER CONSTRUCTION,<br>INC., et al.,<br><br>    Defendants. | Case No. 3:18-cv-3325-S-BT |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this civil action to the United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). For the following reasons, Plaintiff's Amended Complaint should be dismissed.

Plaintiff filed its original Complaint against Defendants Lone Rover Construction, Inc., Diebolt Construction, Inc., and Daniel Deibolt on December 18, 2018. Compl. (ECF No. 1). Two months later, Plaintiff filed an "Emergency Motion for Alternative Service and Request for Leave to File Notices of Lis Pendens," (ECF No. 6), expressing difficulty in serving Defendants. The Court found Plaintiff's Complaint insufficient to establish diversity jurisdiction, denied Plaintiff's Motion without prejudice, and granted Plaintiff ten days to replead its case. Order (ECF No. 8). Plaintiff timely filed its Amended Complaint on March 1, 2019. Am. Compl. (ECF No. 9). But because Plaintiff had not served its Amended Complaint on Defendants or filed any new motion indicating further

1

difficulty in effecting service, on August 2, 2019, the Court entered an order instructing Plaintiff that, since it paid the statutory filing fee, it was responsible for serving Defendants with a summons and complaint in accordance with Federal Rule of Civil Procedure 4. Order (ECF No. 10). The Court ordered Plaintiff to serve its Amended Complaint on Defendants by August 30, 2019, and warned that if it failed to do so, this case would be dismissed without prejudice. *Id.* As of this date, Plaintiff has still not filed proof of service with the Court.

Under Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for a plaintiff's failure to prosecute or comply with any order of the court. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018) (citations omitted). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. 626 at 630-31); *see also Beard v. Experian Info. Sols. Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007) (per curiam). Because Plaintiff failed to serve its lawsuit on Defendants, even after the Court ordered Plaintiff to do so and gave Plaintiff additional time beyond the 90 days permitted under Rule 4(m), Plaintiff's Amended Complaint should be dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the

plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

## Recommendation

The Court recommends Plaintiff's Amended Complaint be DISMISSED without prejudice for want of prosecution under Fed. R. Civ. P. 41(b).

**SO RECOMMENDED**.

October 24, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).